Clarence Hankton
Reg. No. 13365-424
FCI Pekin
P.O. Box 5000
Pekin, IL 61555-5000

07CV6791
JUDGE NORGLE
MAGISTRATE JUDGE SCHENKIER

**FILED**
DEC 0 3 2007
12-3-2007
MICHAEL W. DOBBINS
RK, U.S. DISTRICT COURT

Appearing pro se

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CLARENCE HANKTON,           )
                            )
        Petitioner,         )
                            )
    vs.                     )   Criminal No. 1 CR 1-1
                            )
                            )
UNITED STATES OF AMERICA,   )
                            )
        Respondent.         )

### MOTION TO VACATE SENTENCE

COMES NOW Clarence Hankton ("Hankton") appearing pro se and hereby asks this Honorable Court to vacate the sentence he is presently serving, as authorized by 28 U.S.C. § 2255. In support, Hankton avers as follows:

1. Hankton's appellate attorney rendered ineffective assistance during the direct appellate proceedings when counsel neglected to submit a brief subsequent to the district court's determination in relation to his remand pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir.2005). Such an omission constitutes a

constructive denial of counsel and amounts to <u>per se</u> prejudice in violation of Hankton's Sixth Amendment right to the effective assistance of counsel.

2.   Counsel's failure to brief issues relating to: (1) the crack/powder disparity and (2) the reasonableness of Hankton's sentence in light of the sentencing factors set forth at 18 U.S.C. § 3353(a) — as argued by counsel following Hankton's <u>Paladino</u> remand — amounts to ineffective assistance of counsel under the dictates of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

3.   Hankton's trial attorney was ineffective during the sentencing proceeding as a result of his failure to present exculpatory evidence relating to the government's contentions that his sentence should be increased based upon his leadership during the offense. Counsel was additionally ineffective for neglecting to effectively cross examine Detective Kenneth Charles in relation to the Annette Williams beating.

4.   Hankton's trial counsel was ineffective for failing to wage a constitutional objection to the court's use of the preponderance of evidence standard at sentencing which violated Hankton's Fifth and Sixth Amendment rights.

Dated:   November 7, 2007

                                              Respectfully,

                                              */s/ Clarence Hankton*
                                              Clarence Hankton
                                              Reg. No. 13365-424
                                              FCI Pekin
                                              P.O. Box 5000
                                              Pekin, IL 61555-5000

                                              Appearing pro se