Clarence Hankton
Reg. No. 13365-424
FCI Pekin
P. O. Box 5000
Pekin, IL 61555-5000

Appearing pro se

FILED
Aug 11, 2008
AUG 1 1 2008   mB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

CLARENCE HANKTON,           )
                            )
        Petitioner,         )
                            )
    vs.                     )   No. 07-CV-06791
                            )
UNITED STATES OF AMERICA,   )
                            )
        Respondent.         )

### PETITIONER'S MOTION REQUESTING THE APPOINTMENT OF COUNSEL

Petitioner Clarence Hankton ("Hankton") hereby asks the court to appoint counsel to represent him in the matter of his Motion to Vacate, as authorized by the Rules Governing Section § 2255 Cases. In support, Hankton states as follows:

1. On November 7, 2008, Hankton filed a pro se Motion to Vacate, alleging several instances of ineffective assistance of counsel.

2. Within this motion Hankton contends, <u>inter alia</u>, that his appellate attorney violated his Sixth Amendment rights by failing to submit a brief on his behalf (Hankton Memo., at 6-11). Hankton's desire to seek appellate relief from the 300-month sentence imposed by the district court is evident from the face of the record. <u>See</u> <u>id.</u> <u>at</u> <u>7</u>. ("Immediately following his sentence, Hankton was dissatisfied with the representation trial

counsel provided and ultimately obtained seperate appellate counsel for purposes of appeal"). Thus, given the current state of the law, the files and records of the case do not conclusively show that Hankton is entitled to no relief.

3. Presumably, Hankton's claims of ineffective assistance at the appellate level could be construed one of two ways. The first of the two involve the presumption of prejudice because the record is clear that Hankton's attorney altogether neglected to file a brief following Hankton's remand pursuant to the procedures set forth by United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). See Peguero v. United States, 526 U.S. 23, 28, 143 L.Ed.2d 18 (1999). ("When counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have merit"). The Supreme Court has been clear that "the denial of the entire judicial proceeding itself demands a presumption of prejudice" Roe v. Flores-Ortega, 528 U.S. 470, 483, 145 L.Ed.2d 985 (2000).

It is also clear that Hankton's appellate lawyer neglected to file a no merit brief. See Penson v. Ohio, 488 U.S. 75, 86-88, 102 L.Ed.2d 300 (1988)(holding that there is a presumption of prejudice where an attorney fails to appeal unless the procedures of Anders v. California, 386 U.S. 738, 18 L.Ed.2d 493 (1967) are followed);see also Evitts v. Lucey, 469 U.S. 387, 395, 83 L.Ed.2d 821 (1985). Abandonment is a perse violation of the Sixth Amendment. See e.g., Castellanos v. United States, 26 F3d 717, 718 (7th Cir. 1994).

2

4. The latter construction involves whether Hankton's appellate lawyer rendered ineffective assistance by failing to argue the disparate treatment of crack cocaine offenses under the Sentencing Guidelines. (Hankton Memo, at 8-10). Although counsel identified this particular issue and briefed the same during the district court proceedings, counsel abandoned these issues at the time of Hankton's appeal. Id. If counsel's decision not to raise this particular issue-- or any other issue-- following Hankton's Paladino remand falls within the purview of a strategical decision, then there is no presumption of prejudice. See Kitchen v. United States, 227 F3d, 1014, 1021 (7th Cir. 2000)(noting that where counsel filed and argued the appeal, but chose not to raise a specific issue, "a defendant must demonstrated prejudice by showing that the omitted issue may have resulted in a reversal of the conviction or an order for a new trial"); Mason v. Hanks, 97 F3d 887, 893 (7th Cir. 1996)("When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial record to determine whether appellate counsel failed to present significant and obvious issues on appeal"). However, it is doubtful that counsel's decision to jettison all direct appellate issues arising from the district court's Paladino determination could be analyzed simply as a strategic decision. Because a defendant has a right to a direct appeal, such a decision would require, at a minimum, something akin to an Anders showing. See Nunez v. United States, 495 F3d 544, 547-48 (7th Cir. 2007); see also Penson, 488 U.S. at 83-84. In this case, however, counsel did not even do that.

5.  Notwithstanding the fact that Hankton's claims will more than likely be characterized as requiring a presumption of prejudice, Hankton would still prevail if required to satisfy the two part inquiry set forth by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The record reveals the following Seventh Circuit's decision to remand Hankton's case under <u>Paladino</u>, counsel identified the crack/powder disparity under the guidelines as a viable issue. District courts in this circuit were reducing certain defendant's sentences on this bases. <u>See</u> <u>e.g.</u>, <u>United States v. Smith</u>, 359 FSupp.2d 771 (E.D. Wis. 2005).

6.  Although this issue would have undoubtedly met with some resistance at the appellate level-- as was the case with Hankton's co-defendant Gregory Davis-- abandonment of this particular claim reduced the prosepect of success in a later discretionary appeal such as a petition for writ of certiorari. (Hankton Memo, at 11). Usually an individual in Hankton's position making this type of claim would have difficulty satisfying <u>Strickland's</u> prejudice component. This is so because a showing of prejudice would require a habeas petitioner to demonstrate that the writ of certiorari would have been issued if counsel would have briefed a particular claim. In this case, however, Hankton is able to make this difficult showing. The Supreme Court has since remanded the case of Hankton's co-defendant on the basis of the treatment of crack cocaine offenses under the Sentencing Guidelines. <u>See</u> <u>Gregory Davis v. United States</u>, No. 06-6330 (Granting, vacating and remanding in light of <u>Kimbrough v. United States</u>, ___ U.S. ___, 169 L.Ed.2d 481 (2007)

4

7. In light of the expanded record, Hankton has made the requisite showing of a fair likelihood of success regarding his claims of ineffective assistance occurring during his criminal appeal. Pursuant to 18 U.S.C. §3006A, Hankton contends that the appointment of counsel would be in the interest of justice.

Dated August 4, 2008

                                        Respectfully,


                                        Clarence Hankton
                                        Reg. No. 13365-424
                                        FCI Pekin
                                        P. O. Box 5000
                                        Pekin, IL  61555-5000

                                        Appearing pro se

### CERTIFICATE OF SERVICE

I hereby certify that I have placed a true and correct copy of the following in the U.S. Mail first class postage prepaid and properly addressed to the foregoing individuals on the 4th Day of August, 2008.

Thomas Shakeshaft
Assistant U.S. Attorney
219 S. Dearborn Street
Chicago, IL  60604

                                        *Clarence Hankton*
                                        Clarence Hankton